Barker, J.
—The plaintiff was non-suited by the referee, without considering the merits of the case as disclosed by the evidence, on the sole ground that the cause of action set forth in the complaint, was barred by a provision of the same statute which gave the plaintiff a right of action.
Peter Huff resided in the town of Barrington, Yates county, for the period of more than one year preceding the month of March, 1886. During that month he removed to the town of Tyrone, Schuyler county, and in about one month thereafter he became a pauper and a county charge, and from that time was supported by that county, the cost and expense of which at the time of the commencement of this action amounted to the sum of eighty-two dollars. The plaintiff, as superintendent of the poor, served, by mail, a written notice on the defendant, as overseer of the poor of the town of Barrington, in which it was, in substance stated, that Huff was a pauper, and before he came to Schuyler county he had gained a residence in the town of Barrington, and that he was at that time in the said town of Tyrone, and the notice concluded as follows: “You are, therefore, required to provide for the relief and support of said pauper.” When this paper was offered in evidence no objection was made by the defendant as to its form or sufficiency. This proof was made by°the plaintiff, .as a witness in his own behalf, and on his cross-examinatian the defendant proved by him that he received by mail, within thirty days after the service of the notice sent by him, a written notice, dated Barrington, May 13, 1886, of which the following is a copy:
“ George H. Stillwell:
“ Dear Sir — I received your notice that Peter Huff, a pauper was in your county. Peter Pluff has never been a pauper in this town or county. He had money to pay his way until he applied to you for relief. The law passed in June, 1883, says any pauper moving from one county to another. Now, as -Huff was not a pauper when he moved he cannot legally hold a settlement in this town. Hope you will help him soon, as he is entirely destitute of means of support, I remain, truly yours,
“JOHN F. COON,
“ Overseer of the Poor.”
*747 When this paper was offered in evidence, the plaintiff objected to its reception, on the ground that it was incompetent and immaterial, which was overruled and an exception taken. The referee, in his report states, as a conclusion of law, that the action was barred, and that the plaintiff was precluded from all claims against the said defendant as overseer, or against the town of Barrington, or any of its officers, for the reason that the action was not commenced within three months after the service of the said notice by the defendant, and that the said plaintiff should be non-suited. .
The statute, chapter 546, of the Laws of 1885, amending sections 59 and 60 of the Bevised Statutes, on the same subject, requires that the county or town claiming that the expenses of a pauper settled therein shall be paid by some other town or county, for the reason that the pauper was brought, or enticed, or came of his own accord, or as a stray from such other town or county, shall give notice to the overseers of the poor of the town from which he was brought, or enticed, or came, informing them of such improper removal, and requiring them forthwith to take charge of such pauper. The overseer or officers to whom such notice is addressed, are required, within thirty days after the service thereof to take or remove the pauper to their own town or county, and there support him, and pay the expense of such support, or they shall within the said time, by a written instrument, under their hands, notify the county superintendent from whom such notice was received, that they deny the allegations of such improper ■enticing or removal, or that their town is liable for the support of such pauper. By section 61, it is provided that if the town officers to whom the first notice is directed, neglect to remove such pauper, and also to notify of such denial of liability for support, within the thirty days mentioned, the county superintendent and overseers, respectively, whose duty it was so to do, their successors of their respective counties or towns, shall be deemed to have acquiesced in the allegations contained in such first notice, and shall be forever precluded from contesting the same; .and their counties and towns respectively shall be liable for the expense of the support of such pauper, which may be sued for and recovered, from time to time, by the county superintendents incurring the said expenses.
In the next section it is provided that if the notice of denial be served as prescribed, an action shall be commenced within three months against the overseers of the poor of the town or the superintendent of the county to whom the first notice was directed, for the expenses incurred in the support of such pauper, and if they neglect *748 so to do, all right of action for the support of such pauper shall be be barred.
The plaintiff insists that the notice served by the defendant was defective, both in form and substance, and for that reason he was precluded from denying the liability of the town for the support of the pauper, and, for a like reason, that the plea in bar of a recovery was not supported, and that the plaintiff should have had a judgment for the amount claimed.
If the notice served by the defendant complied with the statute it is an answ'er to both of the plaintiff’s contentions,' and the judgment should be affirmed. It seems to be plain that the notice contained the information required by the statute that the town of Barrington denies that it is liable for the support of the pauper named. The notice states, in substance that Huff never was a pauper in the town of Barrington, and that while he resided there he had money to pay his. way and up to the time he applied to the'superintendent of Schuyler county for support, and that he was not a pauper at the time he removed; that it cannot be held that he ever had a settlement in the town of Barrington. No one can misapprehend the purport and meaning of this paper, when read in connection with the statute with which it was intended to be a compliance, and say that it is not a denial of a liability on the part of the town of Barrington for the support of such pauper. The officer receiving the notice could not have misapprehended its purport and meaning, and he must have understood that it was intended to controvert the position assumed in the notice which he had sent claiming that the town of Barrington was liable for the support of Huff as a pauper. The objection to the form of the notice that it was not signed by the overseer in his official capacity is frivolous, for it was written in reply to one addressed to the overseer of the poor of the town.
The appellant makes the further objection that the notice was served by mail, and as the statute does not provide for that mode of service, it should have been personally, and as it was not, for that reason the same was insufficient and of no avail. It does not appear from the record that this point was made on the trial. If this point should now be allowed to prevail, then a like objection could be-made to the regularity of the notice sent by the plaintiff, which was served by mail also, and the nonsuit could be sustained upon the ground that the service of that notice was not in conformity with the requirements of the statute; but as neither questions were presented to the referee for his consideration, "both should be disregarded on this appeal.
Judgment affirmed.
Smith, P. J., Haight and Bradley, JJ., concur.